THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **V. SUAREZ & CO., INC.**<br><br>Plaintiff<br><br>vs.<br><br>**CAMIONEROS UNIDOS DE PUERTO RICO LLC; CARLOS J. SCHETTINI** as Vice President and in his individual capacity; **PABLO PÉREZ SANTIAGO; TRUCKING COMPANY 1; TRUCKING COMPANY 2; CARRIER DOE; CARRIER ROE**<br><br>Defendants | CIVIL NO.<br><br>Re: Verified Complaint for Damages and Injunctive Relief |

## VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff**, V. Suarez & Co., Inc.,** represented by the undersigned counsel and respectfully alleges and prays:

### I. THE PARTIES

1.1     Plaintiff V. Suarez & Co., Inc., ("VSC") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, engaged in the import from the mainland United Staes and other countries, and distribution in the Island of distilled spirits, beer, wine, dry food, refrigerated and frozen food, pet food, nonalcoholic beverages, household products and grocery brands to supermarkets, convenient stores, cafeterias, mom and pops, club stores, wholesalers, pet stores, agrocenters and veterinaries, among others (the "Products").

1.2     Plaintiff is engaged in interstate commerce within the meaning of the Clayton and Sherman Acts, Title 15, United State Code.

1.3     Defendant, **Camioneros Unidos de Puerto Rico LLC** ("CU"), is a limited liability company organized on April 8, 2021, and existing under the laws of the Commonwealth of Puerto Rico, Register No. 462993. It reunites a number of independent businessmen engaged in providing trucking services to and from different places in Puerto Rico, and thus, a person under Section 7 of the Sherman Act (15 U.S.C. § 7) and Section 1 of the Clayton Act (15 U.S.C. § 12).

1.4     Defendant, **Carlos J. Schettini**, is an independent businessman engaged in the business of providing transportation services, and, upon information and belief holds the position of Vice President of CU, and an agent thereof, and thus, a person under Section 7 of the Sherman Act, *supra*, and Section 1 of the Clayton Act, *supra*.

1.5     Defendant **Pablo Perez Santiago** is an independent businessman engaged in the business of providing transportation services with contract with VSC and is the spoke person of the group of truckers parked in the area of VSC's warehouse in Bayamón and who are boycotting the services to VSC by refusing to transport it cargo, and thus, a person under Section 7 of the Sherman Act, *supra*, and Section 1 of the Clayton Act, *supra*.

1.6     Defendant, **TRUCKING COMPANY 1**., is a public service company organized under the laws of the Commonwealth of Puerto Rico who provides trucking services to and from different places in Puerto Rico, and thus, a person under Section 7 of the Sherman Act and Section 1 of the Clayton Act. It is, may be or may have been, a participant in the acts described herein below and whose name is unknown to the Plaintiff at this time.

1.7     Defendant, **TRUCKING COMPANY 2,** is a public service company organized under the laws of the Commonwealth of Puerto Rico who provides trucking services to and from different placesin Puerto Rico, and thus, a person under Section 7 of the Sherman Act and Section

1 of the Clayton Act. It is, may be or may have been, a participant in the acts described herein below and whose name is unknown to the Plaintiff at this time.

1.8     CARRIER DOE and CARRIER ROE are other individual businessmen, members of CU, who are, may be or may have been, participants in the acts described herein below and whose names are unknown to the Plaintiff at this time.

## II. JURISDICTION

2.1     This action is brought for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and for temporary, preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and for treble damages, all for violation of the antitrust laws of the United States, particularly Sections 1, 2, 3, 15 and 16 of Title 15, U.S.C. This Court has subject matter jurisdiction over this action under the Commerce Clause of the United States Constitution, Article 1, Section 8, Clause 3; under Sections 15 and 26 of Title 15, U.S.C.; under Sections 1,2, and 3 of the Sherman Act, 15 U.S.C. § 1,2, and 3; and under Sections 1331 and 1337 of Title 28 U.S.C.

2.2     The conduct engaged in by Defendants which constitutes a violation of the antitrust laws of the United States as aforesaid, also constitutes a violation of the antitrust, public service, and civil laws, rules and regulations of the Commonwealth of Puerto Rico; and interference with VSC's business relations, an unlawful conspiracy to injure and/or destroy Plaintiff's business and tortious interference in a contractual relationship, all in violation of the laws of the Commonwealth. This action is also brought for declaratory relief, for temporary, preliminary, and permanent injunctive relief and for damages, all also for the violation of the laws of the Commonwealth.  This Court has pendent jurisdiction of these claims.

2.3     Venue is proper in this District under 28 U.S.C. § 139l(b) because each of the Defendants transacts business or are doing business within the District of Puerto Rico.

### III.  FACTUAL NARRATIVE

3.1     When VSC's products arrive at the Port of San Juan from different Ports in the United States and other countries, they are unloaded and transported to VSCs warehouses located at Industrial Luchetti, 300 Carr. PR 5, Bayamón, Puerto Rico, 00961 and Carr. 869 Bo. Palmas, Cataño, Puerto Rico 00962.

3.2     In order to receive the products, transport them to its warehouses and distribute them to wholesalers, retailers and vendors throughout the whole Island, VSC has entered into individually negotiated private freight transportation contracts with public service companies and individual truck owners.

3.3     Upon information and belief, during the months of April, May and the first week of June 2021, Defendants, CU members, their agents and legal counsel, and truck owners, met to plan, organize and agree a scheme to boycott by refusing to do business with targeted companies, by not carrying their cargo until they accept their demands to uniformly increase the transportation rates actually contracted for the transportation of their cargo (price cartel) and other beneficial contractual conditions.

3.4     Defendants are private entities demanding, under coercion, pressure, intimidation, and refusal to transport the cargo, price increases and other beneficial contractual terms from private companies, including VSC.

3.5     The boycotting truckers, working together, have market power with the targeted companies since the group consists of most, if not all the truckers that have contracts to move the company's cargo.

3.6     Defendants have no authority in law to impose any tariff or regulatory conditions upon the companies. Not does the *Puerto Rico Bureau of Transportation and other Public Services* ("NTSP" for its Spanish acronym) since the tariffs and regulatory demands in question are not applicable to individually negotiated private contracts between the companies and the carriers, as such acts would be null and void and preempted by PROMESA. This in addition to the fact that they were declared null and void by the Puerto Rico Court of Appeals on April 12, 2021.

3.7     Similar illegal tactics as those described above have already been used during the past month of May against other distribution companies in Puerto Rico. On May 10-13 against Federación de Asociaciones Pecuarias de P.R. ("FAP"); and during May 18-20 against Plaza Provision Co. (PPC).

3.8     Those operations followed the same script, in accordance with Defendants' plans. CU's attorney would send a letter to the targeted company asserting to be CU's legal representative and, allegedly, of a group of licensed truck owners under contract with the company for the transportation of its products and goods. The group number and the name of the truckers varies.

3.9     In the stereotyped letter, the attorney asserts to be acting in accordance with applicable law and that it is imperative to meet to "arrive to an understanding as to complying therewith". He concludes waiting for an invitation to meet.

3.10    Invited or not, their next step is for the attorney, CU's leadership, other unnamed defendants and many of the truckers under cargo transportation contracts with the targeted company, to arrive at the area where the company facilities are located, demanding to meet to negotiate the rate increase and other beneficial terms and conditions of their actual contracts; and refusing to do business, i.e. transport the company's cargo, until their demands are met and a written agreement is executed.

3.11    Their slogan is "Llaves en el bolsillo" (Keys in the pocket). It means that the truckers would not transport cargo by payment on public roads until, among other, the companies recognize the tariffs approved in 2020 (but annulled in 2021). See CU's Facebook publication on April 2, 2021, copy of which is included as **Exhibit 1**.

3.12    Through the illegal boycott, Defendants attempt to create a uniform price cartel by coercing and forcing the acceptance of their demands.

3.13    Following the same tactics as with FAP and PPC, on June 3, 2021, CU's attorney sent an identical letter to VSC with the same allegations, except for the fact that the group of individual truckers with contracts with VSC named in the letter amounted to seventy (70), representing around three quarters (3/4) of the carriers used by VSC to transport its cargo to and from its warehouses and to its clients. See copy of the letter attached as **Exhibit 2**.

3.14    The letter was not answered. The individual truckers compete between themselves for VSC's business. They presently have contracts with VSC containing varied terms and conditions and do not warrant uniformity in the compensation or other beneficial terms and conditions since the work they perform is not uniform.

3.15    In addition, VSC does not negotiate with a group of truckers for a uniform rate increase and other beneficial contractual conditions under the threat of or an actual boycott until it accepts their demands, as they have done with FAP and PPC.

3.16    For similar conduct as the one object of this Complaint, this Honorable Court issued a Permanent Injunction in Civil Case No. 98-2294 (HL) against Asociación de Camioneros de Arrastre de Puerto Rico, Inc., its president Calixto Camacho Cruz, Confederación de Camioneros de Volteo, Inc., its president Luis Falcón and Federación de Camioneros de Puerto Rico, Inc. Also due to the same conduct, in *Horizon Lines of Puerto Rico, et al. v. Asociación de Camioneros*

*de Puerto Rico, Inc*., Civil No. 05-1801 (PG), a TRO was issued against the same defendants and others, who later agreed to a stipulated permanent injunction.

3.17   Today, around 4:30 a.m., a group of truckers under the direction and command of the Defendants, parked their trucks in the area adjacent to VSC's warehouse facilities. See the photo included as **Exhibit 3**.

3.18   The group includes truckers with transportation contracts with VSC. And its spoke person and apparent leader is Codefendant Pablo Perez Santiago.

3.19   They are refusing to do business with VSC and transport its cargo while demanding it increases their transportation rates for VSC's cargo and other contractual benefits. They have represented that they will not perform the services unless VSC accepts their demands in writing, to increase their transportation rates and other contractual conditions.

3.20   The above-described boycott and conduct had the effect of disrupting, obstructing, restraining, and interfering the free ingress and egress of trucks and individuals to VSC's facilities as well as the transportation and distribution of its products to clients across the Island.

3.21   Because of the boycott, VSC is unable to deliver its goods and products as it does ordinarily each day.

3.22   On any given day, Plaintiff dispatch an average of Seventy-Three Thousand (73,000) cases of merchandise to its clients, e.g., supermarkets, convenient stores, cafeterias, mom and pops, club stores, wholesalers, pet stores, agrocenters and veterinaries, among others.

3.23   VSC has not been able to substantially dispatch cases to be delivered to its client via the contracted individual carriers due to Defendants' concerted activities boycotting VSC by refusing to transport its cargo.

3.24    Plaintiff distributes and supplies all kind of commodities including but not limited to perishable food, water, and others.

3.25    Unless restrained, the Defendants' illegal conduct will continue, causing VSC to suffer irreparable damages.

### IV.  FIRST CAUSE OF ACTION

4.1    The allegations set forth in paragraphs 1.1 to 3.25 are adopted by reference and incorporated as part of this Cause of Action.

4.2    By engaging in the above-described actions, defendants --all businessmen and competitors among themselves-- have agreed, conspired and combined among themselves and/or with other persons, to concertedly refuse to deal with VSC for the purpose and with the intended effect of restraining trade and or commerce by fixing a higher and uniform price for their services in violation of the Sherman and Clayton Act.

4.3    By the above-described actions and other acts, Defendants have caused damages to VSC, which at this time are calculated in an average loss of income of Three Hundred Eighteen Thousand Dollars ($318,000.00) a day.  VSC demands triple damages for a total of Nine Hundred Fifty-Four Thousand Dollars ($954,000.00) per day.

4.4    Defendants illegal actions are also irreparably damaging VSCs business reputation in as much as it is being unable to comply with its obligations to supply goods and products to its clients.

### V. SECOND CAUSE OF ACTION

5.1    The allegations set forth in paragraphs 1.1 to 4.4 are adopted by reference and incorporated as part of this Cause of Action.

5.2     By engaging in the above described actions and other acts, defendants- all independent businessmen and competitors – have agreed among themselves and/or with other persons and/or otherwise combined and conspired among themselves to concertedly refuse to deal with VSC, to ask, instigate, promote, encourage, coerce, force, persuade and bring pressure upon other persons to stop dealing with VSC in the transportation of its cargo for the purpose and with the intended effect of restraining trade and/or commerce by monopolizing part of the free market of providing transportation services in the interstate commerce inviolation of the Sherman and Clayton Act.

5.3     By the above-described actions and other acts, Defendants have caused damages to Plaintiff, which at this time are calculated in of Three Hundred Eighteen Thousand Dollars ($318,000.00) a day. VSC demands triple damages for a total of Nine Hundred Fifty-Four Thousand Dollars ($954,000.00) per day.

5.4     Said illegal actions by Defendants are also irreparably damaging VSCs business reputation in as much as it is being unable to comply with its obligations to supply goods and products to its clients.

## VI. THIRD CAUSE OF ACTION

6.1     The allegations set forth in paragraphs 1.1 to 5.4 are adopted by reference and incorporated as part of this Cause of Action.

6.2     By engaging in the above-described actions and other acts, defendants have violatedthe antitrust, public service, and civil laws, rules and regulations of the Commonwealth of Puerto Rico; an interfered with VSC's business relations, an unlawful conspiracy to injure and/or destroy VSC's business and tortious interference in a contractual relationship, all in violation of the laws of the Commonwealth of Puerto Rico.

6.3     By the above-described actions and other acts, Defendants have caused damages to VSC, which at this time are calculated in Three Hundred Eighteen Thousand Dollars ($318,000.00) a day. VSC demands triple damages for a total of Nine Hundred Fifty-Four Thousand Dollars ($954,000.00) per day.

6.4     Said illegal actions by Defendants are also irreparably damaging VSCs business reputation in as much as it is being unable to comply with its obligations to supply goods and products to its clients.

## VII.  INJUNCTIVE RELIEF

7.1     The allegations set forth in paragraphs 1.1 to 6.4 are adopted by reference and incorporated as part of this Petition.

7.2     As openly informed by Defendants and by their illegal concerted activities against other companies, the above-described acts, including the concerted refusal to deal and the coercion and acts of intimidation to obtain price increases and other contractual benefits, will continue and the threats will be carried out unless judicial relief is obtained.

7.3     If the injunction is not issued, VSC's interest will suffer irreparable harmincluding but not limited to loss of revenues, business reputation, be subject to claims for damages and lost cargo which it was unable to deliver, and loss of its clients in a very competitive industry.  In addition, VSC will be unable to perform its contractual obligations to deliver cargo, which could result in the total and permanent closing of its operations, affecting approximately hundreds of employees. Any attempt to recover the considerable monetary losses being suffered by VSC would in all probability be illusory at best.

7.4     On the other hand, Defendants will not suffer any inconvenience and/or substantial damages. The injunction being sought is for Defendants to stop their illegal concerted refusal to

deal, so that they will generate income and make money. Furthermore, VSC is prepared to deposit a bond to cover any damages suffered by Defendants. The balance of hardship, thus, tips decidedly in VSC's favor.

7.5 More importantly, the public interest will suffer irreparably if the injunction is not issued. The people of Puerto Rico have suffered great losses, their health and economic well-being is being threatened. Supermarkets and other businesses need of basic and essential food supplies, among other things.

7.6 VSC has no other adequate remedy at law, and the injunction hereby sought is authorized and provided for in the antitrust laws, particularly in Section 16, 15 U.S.C. § 26.

7.7 Plaintiff is likely to prevail on the merits of this Complaint. The acts engaged by the Defendants constitute per se violations to the Antitrust Laws of the United States and Puerto Rico.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to issue judgment providing the following relief:

(1) That a permanent injunction be issued whereby the Defendants, their officers, agents, members, directors, employees and all persons in active concert or participation with any of them, and each of them, be enjoined and restrained from, in any manner:

(a) blocking, disrupting, obstructing, restraining, coercing, interfering, hindering, refusing to provide services or delaying the trade and business of VSC and specifically the operation of its warehouses and distribution facilities; the distribution, transportation or delivery of plaintiff's products and merchandise coming to or leaving its facilities described in paragraph (b) herein under; independently where the blockade, disruption, obstructing, restraining, coercing, interfering, hindering, refusing to provide services or delaying the trade and business of VSC occurs, as long as it is with the purpose herein stated;

    (b)    obstructing, restraining, hindering or delaying the free ingress to and egress from any and all of VSC's facilities including:

- Industrial Luchetti, 300 Carr. PR 5, Bayamón, Puerto Rico, 00961; and,
- Carr. 869 Bo. Palmas, Cataño, Puerto Rico 00962,

of any and all persons, automobiles, carts, trucks, trailers, containers, and other transportation equipment, operated by any person, whether or not owned or operated by its members, or of Plaintiff's employees or representatives and whether loaded or unloaded, and from in any way of manner engaging in acts of violence, intimidation, or coercion or threat in an effort or with the effect to obstruct, restrain, interfere, hinder and/ordelay the free ingress and egress there from;

    (c)    boycotting, monopolizing or obtaining or attempting to boycott, monopolize or obtain or otherwise, an increase in rates, tariffs and/or fixing prices and/or any other price than the one contracted for its transportation services and the right to transport, represent or deliver in Puerto Rico VSC's cargo to and from the above-described facilities and from in any way obstructing, hindering and delaying the said transportation and delivery operations by other public or private carriers.

(2)    Pending final determination hereof, that a preliminary injunction be issued, after notice and an expedited hearing, enjoining, and restraining the Defendants and others mentioned in paragraph (1) above, from engaging in the activities specified herein above.

(3)    Pending hearing on Plaintiff's application for a preliminary injunction, that a temporary restraining order be issued enjoining and restraining the Defendants and others mentioned in paragraph (1) above, from engaging in the activities specified herein above.

(4)    That Plaintiff recover its costs and disbursements incurred herein, as well as damages suffered up to the present of approximately Three Hundred Eighteen Thousand Dollars ($318,000.00) a day. Plaintiffs demand triple damages

for a total of Nine Hundred Fifty Four Thousand Dollars ($954,000.00) per day; plus any other future damages that the Plaintiff maysuffer.

(5) Granting Plaintiff its costs and disbursements herein, together with an award of attorney's fees.

(6) Such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED**.

At San Juan, Puerto Rico, this 9th day of June 2021.

**SÁNCHEZ, BETANCES, SIFRE & MUÑOZ NOYA LLC**
33 Bolivia Street, 5th Floor
San Juan, PR 00917
PO Box 364428
San Juan, PR 00936-4428
Phone: (787) 756-7880
Facsimile: (787) 753-6580


*s/Luis Sánchez-Betances*
LUIS SÁNCHEZ-BETANCES
USDC-PR No. 117410
E-Mail: lsb@sbsmnlaw.com


*s/Adrián Sánchez Pagán*
**ADRIAN SANCHEZ PAGAN**
USDC-PR No. 223311
E-Mail: asanchez@sbsmnlaw.com

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I am the Chief Executive officer of V. Suárez & Co. I have read the foregoing Complaint and petition for injunctive relief and know the contents thereof, and the matters therein alleged are true to the best of my knowledge and belief, based on my personal knowledge or on information provided to me, which I consider true. Accordingly, I declare under penalty of perjury that the same are true and correct.

Executed on June 9, 2021.

_____
Diego Suárez Matienzo